Riggi Law Firm
David A. Riggi  Esq. Bar # 4727
7900 W Sahara Blvd #100
Las Vegas, NV 89117
(702) 463-7777

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 24-15169-nmc |
| **ROBERT EGBERT EDWARDS** | Chapter: 11 |
| ☑ Affects this debtor | **LEAD CASE** |
| | **Jointly Administered with** |
| In re: | Case No: 24-15170-nmc |
| **EDWARDS PETROLEUM TRANSPORT, LLC** | Chapter: 11 |
| Affects this debtor | Hearing Date: |
| | Hearing Time: |

# PLAN OF REORGNIZATION
# FOR SMALL BUSINESS UNDER CHAPTER 11
# FOR ROBERT EGBERT EDWARDS

# 24-15169-NMC

# PLAN OF REORGANIZATION

# FOR SMALL BUSINESS UNDER CHAPTER 11

# ROBERT EGBERT EDWARDS

# Plan of Reorganization, Dated 1-2-25

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is an individual who is employed by a company he wholly owns, Edwards Petroleum (EP). EP is in a separate Chapter 11 which was commenced in this Court at the same time that this case was commenced. EP and this case are jointly administered, with this case being the lead case.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as *Exhibit A*. Based on the value of the assets, the assets will still have a value less than amounts owed to administrative claim creditors and, therefore a result, there would be no distribution to general unsecured creditors in a hypothetical chapter 7 liquidation.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as *Exhibit B*. Projections are based monthly operating reports and on the adjusted income and expense statements offered by the Debtor at the beginning of the case through Schedules I and J of the required disclosures.

The final Plan payment is expected to be paid on or about April 1, 2031.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

**Article 1: Summary**

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of Trident (the Debtor) from rental income].

This Plan provides for:   1 class of priority claims;

7 classes of secured claims;

1

        1 class of general unsecured clams; and

        and 1 class of equity security holders.

Non-priority general unsecured creditors holding allowed claims will likely receive distributions that amount to a very small fraction of their entire claims. This Plan also provides for the payment of administrative and any priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read this plan carefully and discuss it with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Article 2: Classification of Claims and Interests**

**2.01 Class 1**

All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

**2.02  Class 2(A)**

The claim of *the Nova Financial & Investment Corp.* proof of Claim # 11-1, to the extent allowed as a secured claim under § 506 of the Code.

**2.03  Class 2(B)**

The claim of *the America First Credit Union,* Proof of Claim # 8-1, to the extent allowed as a secured claim under § 506 of the Code.

**2.04  Class 2(C)**

The claim of *the Bank of America,* Proof of Claim # 6-1, to the extent allowed as a secured claim under § 506 of the Code.

**2.05  Class 2(D)**

The claim of *the Title Max of Nevada,* Proof of Claim # 10-1, to the extent allowed as a secured claim under § 506 of the Code.

**2.06  Class 2(E)**

The claim of *the Bank of America,* Proof of Claim # 5-1, to the extent allowed as a secured claim under § 506 of the Code.

**2.07  Class 2(F)**

The claim of *the Arizona Central Credit Union*, to the extent allowed as a secured claim under § 506 of the Code.

**2.07  Class 2(G)**

The claim of *the Desert Shores HOA,* to the extent allowed as a secured claim under § 506 of the Code.

**2.08 Class 3**

All general unsecured claims allowed under § 502 and the Code.

**2.04 Class 4**

The equity interest of Debtor in property of the estate.

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

**3.01 Unclassified Claims**

Under section § 1123(a)(1), any administrative expense claims and any priority tax claims that are not in classes. Administrative expense claims of the Subchapter V Trustee and the Debtor's counsel approximate, collectively, $18,000, and shall be paid at the rate of $500 a month for 36 months form amounts that, otherwise, would be distributed to general unsecured creditors (general unsecured creditors shall receive, pro rata, $300 a month for 36 months).

**3.02 Administrative Expense Claims**

Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full upon terms as may be agreed upon by the holder of the claim and the Debtor. Absent any agreement, these claims may be fully satisfied in accordance with the provisions of the Bankruptcy Code.

**3.03  Priority tax claims**

Each holder of a priority tax claim will be paid in accordance with the provisions of the Bankruptcy Code. At this there are no such creditors.

**3.04  Statutory fees**

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

**3.05  Prospective quarterly fees**

Any quarterly fees which may be required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

**Article 4: Treatment of Claims and Interests Under the Plan**

**4.01 Claims and interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment (all payments commencing on the effective date unless otherwise noted) |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | **Impaired** | **No treatment necessary.** |
| Class 2(A) – Secured claim of the *Nova Financial & Investment Corp.* Proof of Claim # 11-1, secured by 2536 Seascape Dr., Las Vegas, NV | **Impaired** | Claimant-has a secured claim in the amount of $265,823.62 and shall receive normal contractual monthly payments in the amount of $1473.55, plus an additional monthly payment of $59.86for 60 months which is the amount of the arrearages ($3391.36) amortized at 4 percent over 60 months, As such, the total monthly payments for 60 months to this creditor shall be $1533.41 . |
| Class 2(B) – Secured claim of *America First Credit Union,* Proof of Claim # 8-1, secured by 2536 Seascape Dr., Las Vegas, NV | **Impaired** | Claimant has a secured claim in the amount of $120,619.30 and shall receive normal contractual monthly payments in the amount of $1499.96, plus an additional monthly payment of $26.25 for 60 months which is the amount of the arrearages ($1499,96) amortized at 4 percent over 60 months, As such, the total monthly payments for 60 months to this creditor shall be $1526,21. |
| Class 2(C) – Secured claim of *Bank of America,* Proof of Claim # 6-1, secured by 2018 Mercedes-Benz | **Impaired** | Claimant has a secured claim in the amount of $24,321.43 and shall continue to receive normal contractual monthly payments in the amount of $467.47. |
| Class 2(D) – Secured claim of *Title Max of Nevada,* Proof of Claim # 10-1, secured by 2006 Jeep | **Impaired** | Claimant has a secured claim in the amount of 3003.09 and shall receive monthly payments in the amount of $56.34, which is the claim amount amortized at 4 percent over 60 months. |
| Class 2(E) – Secured claim of *Bank of America,* Proof of Claim # 5-1, secured by 2016 Jeep | **Impaired** | Claimant has a secured claim in the amount of $15,054.71 and shall continue to receive normal contractual monthly payments in the amount of $541.01 from the Debtor's ex=spouse. |

| | | |
|---|---|---|
| Class 2(F) – Secured claim of *Arizona Central Credit Union*, secured by 2009 Dodge Challenger | **Impaired** | Claimant has a secured claim in the amount of $9,781 and shall receive monthly payments in the amount of – 171.35, which is the full amount amortized at 4 percent over 60 months. |
| Class 2(G) – Secured claim of *Desert Shores HOA*, secured by 2536 Seascape Dr., Las Vegas, NV | **Impaired** | Claimant has a secured claim in the amount of $9500 and shall receive 60 monthly payments in the amount of 168.08, which is the claim amount amortized at 4 percent over 60 months. |
| Class 3 – general unsecured claimants | **Impaired** | Allowed claimants shall receive a pro rata share of $ 300.00 a month for 36 months. |
| Class 4 - Equity security holders of the Debtor | **Unimpaired** | No treatment other than the continued status quo. |

**Article 5: Allowance and Disallowance of Claims**

**5.01 Disputed claim**

A disputed claim is a claim that has not been allowed or disallowed by a final non- appealable order, and as to which either:

(i)     a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection within 90 days after the effective date; or

(ii)    no proof of claim has been filed, and the Debtor has scheduled such claim as

 disputed, contingent**.**

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non- appealable order.

**5.03 Settlement of disputed claim**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Article 6: Provisions for Executory Contracts and Unexpired Leases**

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, all executory contracts and unexpired leases as of the effective date.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 120 days after the date of the order confirming this Plan.

**Article 7: Means for Implementation of the Plan**

The Debtor shall have revenues from being an employee of EP.

**Article 8: General Provisions**

**8.01 Definitions and Rules of Construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**8.02 Effective date**

The effective date of this Plan is April 1, 2025. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable is defaulted, the determination of unenforceability or the default will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of, the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06 Controlling effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**8.07 Corporate governance**

The Debtor is not a corporation, and therefore there need be no provisions for such governance.

**8.08 Retention of Jurisdiction**

The United States Bankruptcy Court for the District of Nevada shall retain, without limitation, full and complete jurisdiction over this Plan and this chapter 11 case.

**Article 9: Discharge**

**Discharge if the Debtor is an individual under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:
(i)      imposed by this Plan; or
(ii)     excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.
If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
(i)      on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
(ii)     excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.
However, it is acknowledged that the Debtor obtained a prior bankruptcy discharge that has already discharged her personal liability for debt otherwise addressed by this Plan.

**Article 10: Other Provisions**

(A) There shall be no pre-payment penalty for the Debtor paying a claim at any time before expiration of the term set forth in this Plan or in any Note terms supplementing this Plan.

(B) The interest rate applied to payments under this Plan shall be 4 percent, unless otherwise noted.

(C) The occurrence of the Effective Date shall operate to disallow and expunge any claims of any creditor who received actual notice of the Chapter 11 Case and that: (a) were not listed on the Debtors' filed bankruptcy schedules and for which no proof of claim was filed on or prior to the Bar Date; (b) were listed on the Debtor's schedules as disputed, contingent or unliquidated, and for which no proof of claim was filed on or prior to the Bar Date; (c) are the subject of a proof of claim for a pre-petition claim that was filed after the Bar Date. Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

(D) Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor without further order of the Court.

(E) The Plan may be modified post-confirmation in accordance with §1193 of the Bankruptcy Code.

(F) The Subchapter V Trustee shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan, which shall constitute an administrative priority expense and shall be paid in accordance with Section 3.02 of this Plan.

(G) To the extent that there may be secured claim holders, such holders shall release their liens or reconvey their deed of trust within 30-days of receiving their last payment made under the Plan.

(H) The discharge under Article 9 may also inure to the benefit of any co-obligor, but only upon separate motion, with notice to all creditors and other parties interest.

(I) If the Plan is confirmed under Section 1191(a), the provisions of 11 U.S.C. § 1183(c)(1) shall apply to the Plan and the Subchapter V Trustee shall be terminated upon Substantial Consummation of the Plan, subject to the Unites States trustee reappointing a trustee as needed for performance of duties under Sections 1183(b)(3)(C) and 1185(a) of the Code.

(J) Non-Consensual Confirmation under 11 U.S.C. § 1191(b). Notwithstanding the provisions of 11 U.S.C. § 1194(a), if the Plan is confirmed under 11 U.S.C. § 1191(b): (1) the Debtor will make all payments to creditors required under the Plan; and (2) the Subchapter V Trustee shall not be terminated pursuant to Section 1183(c).

(K) Substantial Consummation. In accordance with 11 U.S.C. § 1102(2)(C), the Plan shall be deemed Substantially Consummated upon the commencement of distributions under the Plan. In the event the Plan is confirmed under 11 U.S.C. § 1191(a), Debtor shall file a notice of Substantial Consummation in accordance with 11 U.S.C. § 1183(c)(2).

Respectfully submitted,

✘ */s/ Robert Edwards*       Robert Edwards
[Signature of the Plan Proponent]       [Printed Name]

✘ */s/ David A. Riggi*       David A. Riggi
[Signature of the Attorney for the Plan Proponent]       [Printed Name]

8

# Exhibit A

## LIQUIDATION ANALYSIS

The purpose of the liquidation analysis is for assurance that the plan will propose to pay more than creditors would have received in a hypothetical Chapter 7 case. The liquidation analysis is fulfilled because the plan proposes to pay amounts that are at least equal to and in excess of any possible liquidation value. This analysis is subject to being supplemented.

EXHIBIT B

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | ROBERT EGBERT EDWARDS |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (If known) | 24-15169 |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | Truck Driver | |
| Employer's name | Edwards Petroleum Transport LLC | |
| Employer's address | 2536 Seascape Drive<br>Las Vegas, NV 89128 | |
| How long employed there? | 19 1/2 yeras | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 15,400.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 15,400.00 | $ 0.00 |

Official Form 106I                      Schedule I: Your Income                      page 1

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| Debtor 1 | ROBERT EGBERT EDWARDS | | Case number (if known) | 24-15169 | |

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| | **Copy line 4 here** | | 4. | $ 15,400.00 | $ 0.00 |
| 5. | **List all payroll deductions:** | | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | | $ 3,172.00 | $ 0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | | $ 0.00 | $ 0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | | $ 0.00 | $ 0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | | $ 0.00 | $ 0.00 |
| | 5e. Insurance | 5e. | | $ 0.00 | $ 0.00 |
| | 5f. Domestic support obligations | 5f. | | $ 0.00 | $ 0.00 |
| | 5g. Union dues | 5g. | | $ 0.00 | $ 0.00 |
| | 5h. Other deductions. Specify: | 5h.+ | | $ 0.00 + | $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | | $ 3,172.00 | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | | $ 12,228.00 | $ 0.00 |
| 8. | **List all other income regularly received:** | | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $ 0.00 | $ 0.00 |
| | 8b. **Interest and dividends** | 8b. | | $ 0.00 | $ 0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $ 0.00 | $ 0.00 |
| | 8d. **Unemployment compensation** | 8d. | | $ 0.00 | $ 0.00 |
| | 8e. **Social Security** | 8e. | | $ 0.00 | $ 0.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | | $ 0.00 | $ 0.00 |
| | 8g. **Pension or retirement income** | 8g. | | $ 0.00 | $ 0.00 |
| | 8h. **Other monthly income.** Specify: Veterans Disability | 8h.+ | | $ 810.00 + | $ 0.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | | $ 810.00 | $ 0.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | | $ 13,038.00 + $ 0.00 = | $ 13,038.00 |
| 11. | **State all other regular contributions to the expenses that you list in Schedule J.** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: | | 11. | +$ | 0.00 |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | | 12. | $ | 13,038.00 **Combined monthly income** |
| 13. | **Do you expect an increase or decrease within the year after you file this form?** | | | | |
| | ■ No. | | | | |
| | ☐ Yes. Explain: | | | | |

Official Form 106I                    Schedule I: Your Income                    page 2

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | ROBERT EGBERT EDWARDS |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (If known) | 24-15169 |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No
   Do not list Debtor 1 and Debtor 2.   ■ Yes.   Fill out this information for each dependent............
   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | 16 | ■ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $    1,500.00

   **If not included in line 4:**

   | | | | |
   |---|---|---|---|
   | 4a. | Real estate taxes | 4a. $ | 0.00 |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 200.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | 300.00 |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $    1,500.00

Official Form 106J                          Schedule J: Your Expenses                          page 1

Debtor 1  **ROBERT EGBERT EDWARDS**                            Case number (if known)  24-15169

| | | | |
|---|---|---|---:|
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. $ | 500.00 |
| | 6b.  Water, sewer, garbage collection | 6b. $ | 100.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 150.00 |
| | 6d.  Other. Specify: **Alarm** | 6d. $ | 100.00 |
| | **Home Warranty** | $ | 70.00 |
| | **Landscape** | $ | 80.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 820.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 1,500.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 80.00 |
| 10. | **Personal care products and services** | 10. $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 425.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 300.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. $ | 0.00 |
| | 15b.  Health insurance | 15b. $ | 550.00 |
| | 15c.  Vehicle insurance | 15c. $ | 1,400.00 |
| | 15d.  Other insurance. Specify: **Umbrella insurance** | 15d. $ | 125.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.  Car payments for Vehicle 1 | 17a. $ | 850.00 |
| | 17b.  Car payments for Vehicle 2 | 17b. $ | 468.00 |
| | 17c.  Other. Specify: **Title Loan** | 17c. $ | 1,200.00 |
| | 17d.  Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 426.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a.  Mortgages on other property | 20a. $ | 0.00 |
| | 20b.  Real estate taxes | 20b. $ | 0.00 |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.  Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: **Pet Care** | 21. +$ | 100.00 |
| | **Gym** | +$ | 50.00 |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 12,994.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 12,994.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a.  Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 13,038.00 |
| | 23b.  Copy your monthly expenses from line 22c above. | 23b. -$ | 12,994.00 |
| | 23c.  Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | 44.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.    Explain here: