Ballstaedt Law Firm, LLC d/b/a Fair Fee Legal Services
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #230
Las Vegas, NV 89117
(702) 715-0000
help@bkvegas.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>**ROBERT EGBERT EDWARDS**<br>☐ Affects this debtor | Case No. 24-15169-nmc<br>Chapter: 11<br>**LEAD CASE**<br>**Jointly Administered with** |
| In re:<br>**EDWARDS PETROLEUM TRANSPORT, LLC**<br>☑ Affects this debtor | Case No: 24-15170-nmc<br>Chapter: 11<br>Confirmation Hearing<br>Date: 4/1/2025<br>Time: 9:30 A.M. |

**BRIEF IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION #2 DATED MARCH 25TH, 2025 (ECF NO. 95)**

**Introduction**

Edwards Petroleum Transport, LLC ("EPT" or "Debtor") submits this Brief in support of confirmation of its Chapter 11 Subchapter V Plan of Reorganization (the "Plan") filed March 25th, 2025 (Ecf No. 95). The Debtor has proposed a feasible reorganization strategy that aligns with the statutory requirements for confirmation under 11 U.S.C. §§ 1191, 1123,

and 1129. For the reasons outlined herein, the Debtor respectfully requests that the Court confirm its Plan.

## Jurisdiction And Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409, because EPT is a Nevada limited liability company that maintains its principal place of business in this District and the case is pending before this Court. Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## Statement of Facts

1. On October 3, 2024 Edwards Petroleum Transport, LLC ("EPT" or "Corporate Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code, initiating Case No. 24-15170-nmc [ECF No. 1]. That same day, the U.S. Trustee appointed a Subchapter V Trustee [ECF No. 3], and a meeting of creditors was set for November 7, 2024 [ECF No. 4].

2. On the same date, Robert Egbert Edwards ("Individual Debtor" or "Mr. Edwards") also filed a voluntary petition for relief under Chapter 11, Subchapter V, which now serves as the lead case (Case No. 24-15169-nmc) [ECF No. 1]. The U.S. Trustee appointed the Subchapter V Trustee in the individual case as well [ECF No. 5], with a § 341 meeting of creditors initially set for November 7, 2024 [ECF No. 7].

3. On October 29, 2024 in both cases, motions were filed requesting joint administration under Federal Rule of Bankruptcy Procedure 1015(b) [ECF No. 27 in the corporate docket; ECF No. 23 in the individual docket]. The Court subsequently scheduled hearings for December 3, 2024 [ECF Nos. 28, 24], which were continued as indicated in various minute

entries [ECF Nos. 41, 42, 33, 34 in each respective docket].

4. On January 2nd, 2025 Edwards Petroleum Transport, LLC filed its initial Chapter 11 Subchapter V Plan [ECF No. 53, corporate docket]. Earlier on the same date, Mr. Edwards filed his Chapter 11 Small Business Subchapter V Plan [ECF No. 52, individual docket].

5. On January 13, 2025, the Court granted the motions for joint administration, merging the two cases under the individual case of Mr. Edwards as the lead. An amended order of joint administration was entered on or about January 18, 2025 [ECF Nos. 58, 61 in the corporate docket; ECF Nos. 49, 50 in the individual docket].

6. On November 22, 2024, EPT filed a Motion to Use Cash Collateral [ECF No. 48], which the Court ultimately approved on January 10, 2025 [ECF No. 65].

7. EPT and Pathward Bank filed a stipulation regarding the treatment of Pathward's secured claim on December 17, 2024 [ECF No. 60].

8. Additional stipulations were filed regarding other secured creditors in early 2025, further clarifying the proposed treatment of claims with Sumitomo Mitsui Finance [ECF Nos. 90, and 94 docket entry references].

9. On March 20, 2025, EPT filed a Ballot Summary showing that seven ballots were received, all ballots received and all classes who voted unanimously to accept the plan [ECF No. 91].

10. On March 25, 2025, EPT filed an Amended Chapter 11 Small Business Subchapter V Plan [ECF No. 95], with no substantive changes to any class treatment, but with additional clarifying provisions in response to informal concerns raised by the United States Trustee, and incorporating updated and supplemental financial information. A redline attachment of the plan was included with the amendment.

**Legal Argument**

A. **The Applicable Subchapter V Plan Confirmation Standards: 11 U.S.C. § 1191**

Under 11 U.S.C. § 1191(a), a Subchapter V plan may be confirmed "if all of the applicable requirements of section 1129(a) of this title [other than paragraph (15)] are met" and all impaired classes accept the plan. Pursuant to 11 U.S.C. § 1126(c), an impaired class "accepts" a plan only if creditors holding at least two-thirds in amount and more than one-half in number of the actually voting claims cast affirmative ballots in favor. Thus, a class that returns no ballots has not accepted the plan; silence does not constitute consent.

Here, while Classes 1, 2, 4, 5, 6, and 8 voted to accept the Plan, Classes 3 and 7 (both impaired) did not return ballots. Because they did not vote, they have not accepted the Plan under § 1126(c). Consequently, the Plan fails to satisfy § 1191(a), which requires acceptance by every impaired class.

Nevertheless, the Debtor may still confirm the Plan under 11 U.S.C. § 1191(b) ("cramdown") so long as the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to each impaired class that has not accepted. The Debtor submits that all impaired classes, including non-voting Classes 3 and 7, receive fair and equitable treatment under the Plan, and thus confirmation is proper under the § 1191(b) standard.

B. **11 U.S.C. § 1129(a)(1): Plan Compliance with the Bankruptcy Code**

  1. **Classification of Claims and Interests (11 U.S.C. § 1122)**

The Debtor's Plan classifies claims and interests into the following classes:

1. Class 1: Secured Claim of Mitsubishi Lease.
2. Class 2: Secured Claim of Pathward Bank.
3. Class 3: Secured Claim of Paccar Truck Financing.
4. Class 4: Secured Claim of Sumitomo Mitsui Finance (VIN ending 8407).

5. Class 5: Secured Claim of Sumitomo Mitsui Finance (VIN ending 0223).

6. Class 6: Secured Claim of Sumitomo Mitsui Finance (VIN ending 8274).

7. Class 7: Secured Claim of United States Small Business Administration (SBA).

8. Class 8: Non-priority Unsecured Creditors.

9. Class 9: Equity Interests of the Debtor.

These classifications comply with 11 U.S.C. § 1122(a), which requires that each class include only claims or interests that are substantially similar to each other. As set forth in the Plan, Classes 1 through 7 each contain a single secured claim, grouped by the respective creditor's collateral and rights under 11 U.S.C. § 506. Class 8 comprises all non-priority unsecured claims allowed under § 502 of the Bankruptcy Code. Class 9 includes all equity interests in the Debtor, which are distinct from any creditor claims because equity holders have ownership interests rather than claims against the estate. Because each class consists of claims or interests with substantially similar legal rights and remedies, the Plan's classification scheme is proper under § 1122.

**2. Contents of Plan (11 U.S.C. § 1123)**

The Debtor's Plan satisfies the mandatory requirements of 11 U.S.C. § 1123(a) as follows:

1. § 1123(a)(1): The Plan designates classes of claims and interests, as outlined in Article 2 of the Plan.

2. § 1123(a)(2): The Plan specifies any classes of claims or interests not impaired. Here, Class 9 (Equity Interests) is unimpaired.

3. § 1123(a)(3): The Plan specifies the treatment of each impaired class of claims (Classes 1 through 8) in Articles 3 and 4.

4. § 1123(a)(4): The Plan provides the same treatment for each claim or interest within each respective class.

5. § 1123(a)(5): The Plan provides adequate means for its implementation, including the Debtor's continued operations, cash flow from revenue, and any additional capital measures

necessary to fund payments.

    6. § 1123(a)(6): The Debtor is not issuing non-voting equity securities; accordingly, this requirement is inapplicable under the circumstances of this Plan.

    7. § 1123(a)(7): The Plan's provisions governing the Debtor's post-confirmation governance are consistent with the interests of creditors and equity holders.

    8. § 1123(a)(8): This subsection relates to individual debtors and thus does not apply to the Debtor, a Nevada limited liability company.

### C. 11 U.S.C. § 1129(a)(2): Proponent Compliance with the Bankruptcy Code

The Debtor has complied with all applicable provisions of the Bankruptcy Code in proposing and prosecuting this Plan. Specifically, the Debtor filed its Chapter 11 Subchapter V Plan on January 2, 2025, within the 90-day period required by 11 U.S.C. § 1189(b), as the petition date was October 3, 2024 [ECF No. 53].

All Plan-related documents, notices, and subsequent amendments were properly served on creditors and interested parties in accordance with Federal Rules of Bankruptcy Procedure and this Court's orders [see, e.g., ECF Nos. 56, 58, 70, 72].

### D. 11 U.S.C. § 1129(a)(3): Good Faith

The Plan has been proposed in good faith and not by any means forbidden by law. It represents a sincere effort to reorganize the Debtor's hazardous materials transportation business while providing fair treatment to creditors. The Debtor has demonstrated ongoing good faith by (1) actively engaging with creditors, negotiating stipulations with secured lenders such as Pathward Bank and Sumitomo Mitsui Finance, and addressing inquiries from the United States Trustee's Office (2) filing all monthly operating reports, attending status conferences, and complying with the Court's directives regarding disclosure of financial information; and (3) updating the Plan to incorporate creditor feedback and Court requirements, including modifications to class treatment and plan feasibility.

### E. 11 U.S.C. § 1129(a)(4): Payments for Services Reasonable

All professional fees and expenses incurred in connection with this case or under the Plan remain subject to Court review and approval, consistent with § 1129(a)(4). The Debtor sought Court authority to employ professionals, including its bankruptcy counsel, by filing appropriate applications. The Court approved those applications, ensuring that any fee requests will be vetted through the formal application and allowance process [see, e.g., ECF Nos. 33, 62]. As such, all payments in connection with this case will be monitored for reasonableness and necessity.

F. **11 U.S.C. § 1129(a)(5): Disclosure of Management and Insiders**

The Plan identifies that Robert Egbert Edwards, the Debtor's principal and managing member, will continue to manage the Debtor post-confirmation. This arrangement is consistent with the interests of creditors and the estate, as Mr. Edwards has an in-depth knowledge of the Debtor's hazardous materials transportation business and an established track record of overseeing day-to-day operations. The Plan's disclosure of continued management ensures compliance with § 1129(a)(5) by providing transparency regarding insider roles and confirming that such management is in the best interests of creditors.

G. **11 U.S.C. § 1129(a)(6): Regulatory Approval**

This requirement is not applicable in the Debtor's case because the Plan does not provide for changes to any rates that would be subject to regulatory approval. No government agency or regulatory body must review or authorize the Debtor's operations or fee structures as a condition to confirmation.

H. **11 U.S.C. § 1129(a)(7): Best Interests of Creditors Test**

The Plan satisfies the "best interests" test. As demonstrated by the Debtor's Liquidation Analysis (attached as Exhibit A to the Plan), a hypothetical Chapter 7 liquidation would yield

no distribution for general unsecured creditors. In that scenario, the Debtor's secured creditors would realize on their collateral, and no unencumbered assets or remaining funds would be available for unsecured claims. Under the Plan, unsecured creditors in Class 8 receive no distribution; however, this is at least as much as they would receive in a Chapter 7 liquidation. The Plan thus meets the best-interests requirement under § 1129(a)(7).

### I. 11 U.S.C. § 1129(a)(8): Acceptance by All Impaired Classes

Not all impaired classes returned ballots. Although Classes 1, 2, 4, 5, 6, and 8 voted to accept, Classes 3 and 7 did not vote, thereby failing to accept the Plan. Because § 1129(a)(8) requires all impaired classes to accept absent any rejection, the Plan does not satisfy § 1129(a)(8) on its face. Nevertheless, under 11 U.S.C. § 1191(b), this requirement is not fatal to confirmation. As explained below, the Plan is "fair and equitable" and "does not discriminate unfairly" with respect to the non-voting classes, thereby permitting confirmation pursuant to Subchapter V's cramdown provision.

### J. 11 U.S.C. § 1129(a)(9): Treatment of Priority Claims

The Plan provides for payment in full of all allowed administrative expense claims and priority tax claims, consistent with § 1129(a)(9). In particular:

1. **Administrative Expense Claims**: The Subchapter V Trustee's fees and the Debtor's attorney's fees constitute the primary administrative expenses in this case. These fees will be paid in accordance with the Bankruptcy Code and applicable local rules, subject to notice, a proper fee application, and court approval. The Plan's payment schedule, outlined in Exhibit B, allocates adequate funds to satisfy these expenses once allowed by the Court.

2. **Priority Tax Claims**: The Plan provides for the Internal Revenue Service (IRS)

and any other priority tax claims to be paid in full, in compliance with § 1129(a)(9)(C). Payments will commence as indicated in the Plan's payment table and continue until the respective priority claims are satisfied in full.

### K. 11 U.S.C. § 1129(a)(10): Acceptance by One Impaired Class

Pursuant to § 1129(a)(10), at least one class of impaired claims must accept the Plan. Here, multiple impaired classes (including Classes 1, 2, 4, 5, 6, and 8) affirmatively voted to accept. This voting outcome satisfies the statutory requirement that at least one impaired class accept the Plan.

### L. 11 U.S.C. § 1129(a)(11): Feasibility

Section 1129(a)(11) requires a showing that "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization." In the Ninth Circuit, feasibility is determined by whether "the Plan has a reasonable probability of success." *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986). Courts apply a relatively low evidentiary threshold, requiring only that the plan "appear workable" based on realistic projections. *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002) (citing *In re Sagewood Manor Assoc. Ltd. P'ship*, 223 B.R. 756, 762–63 (Bankr. D. Nev. 1998)).

Exhibit B to the Plan (ECF No. 95) contains forward-looking updated financial projections covering the Plan's term (2025–2030). These projections reflect the Debtor's actual operating history, anticipated revenue growth, and reasonable expense assumptions. They further demonstrate that the Debtor's restructuring strategy has a reasonable likelihood of success. Accordingly, the Debtor has met the feasibility standard set by § 1129(a)(11).

### M. 11 U.S.C. § 1129(a)(12): U.S. Trustee Fees

Under 28 U.S.C. § 1930, debtors are required to pay certain statutory fees. While

Subchapter V cases typically do not incur the quarterly fees assessed in non-Subchapter V Chapter 11 cases, the Plan nevertheless provides that all fees required under 28 U.S.C. § 1930, if any, have been paid or will be paid on the Effective Date of the Plan. Any additional fees that may arise under 28 U.S.C. § 1930(a)(6) or (a)(7) will be timely paid until the case is closed, dismissed, or converted, ensuring full compliance with § 1129(a)(12).

**N. 11 U.S.C. § 1129(a)(13)-(16): Not Applicable**

1. § 1129(a)(13): The Debtor does not maintain any retiree benefits; thus, this provision does not apply.

2. § 1129(a)(14): The Debtor has no domestic support obligations, rendering this requirement inapplicable.

3. § 1129(a)(15): The Debtor is not an individual. Therefore, the provisions related to individual debtors do not apply.

4. § 1129(a)(16): The Debtor is not a nonprofit entity. No additional restrictions apply under this section.

**O. The Plan Does Not Discriminate Unfairly and Is Fair and Equitable (11 U.S.C. § 1191(b) and (c))**

In the event that not all impaired classes accept the Plan, 11 U.S.C. § 1191(b) authorizes confirmation if the Plan "does not discriminate unfairly, and is fair and equitable" with respect to each impaired class that has not accepted. The statutory "fair and equitable" requirement for unsecured creditors in Subchapter V is defined in § 1191(c)(2), which provides two means of satisfying the requirement:

Either the Plan must apply all of the Debtor's projected disposable income received in the 3-year period (or up to 5 years, as the Court may fix) to make payments under the Plan; or the value of property to be distributed under the Plan in that same time period is not less than

the Debtor's projected disposable income.

Under § 1191(d), "disposable income" is the income received by the Debtor that is not reasonably necessary to be expended for (i) the maintenance or support of the Debtor or a dependent, or (ii) the continuation, preservation, or operation of the Debtor's business.

Here, the Debtor has calculated its projected disposable income over the five-year Plan term, as reflected in Exhibit B to the Plan. This projection accounts for anticipated revenues, essential operating costs (fuel, payroll, maintenance, insurance, etc.), and any additional necessary expenses. The Plan incorporates all of the Debtor's resulting disposable income in accordance with § 1191(d). The Debtor's monthly operating reports and forward-looking financials confirm that the Debtor has structured its Plan payments to ensure that any available net income is dedicated to satisfying obligations under the Plan. Consequently, there is no unfair discrimination: all claims within each class are treated the same, and no class is singled out for disparate, prejudicial treatment. The Plan is Fair and Equitable: because the Debtor is devoting all of its projected disposable income toward Plan distributions, the Plan meets the statutory definition of "fair and equitable" for unsecured creditors and satisfies § 1191(c)(2).

Accordingly, even if certain impaired classes fail to accept, the Plan remains confirmable under § 1191(b) by providing a fair and equitable distribution that utilizes the Debtor's projected disposable income.

## Conclusion

Based on the foregoing, Edwards Petroleum Transport, LLC submits that its Chapter 11 Subchapter V Plan (as amended) satisfies all the requirements for confirmation under the Bankruptcy Code. In particular, the Plan complies with 11 U.S.C. §§ 1129(a) and 1191(b), has been proposed in good faith, is feasible, and provides fair and equitable treatment to all

impaired classes.

WHEREFORE, the Debtor respectfully requests that this Honorable Court:

1. Find that the Debtor's Subchapter V Plan, originally filed on January 2, 2025 (ECF No. 53) and subsequently amended on March 25, 2025 (ECF No. 95), satisfies all applicable confirmation requirements under the Bankruptcy Code;

2. Confirm the Plan pursuant to 11 U.S.C. § 1191(b); and

3. Grant such other and further relief as the Court deems just and proper.

Dated: March 25, 2025

Respectfully submitted,

/s/ Seth D. Ballstaedt
Seth D. Ballstaedt, Esq.
Attorney for Edwards Petroleum Transport, LLC